**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | | |
|---|---|---|
| COREY LAWRENCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | No. 3:14-cv-00534-PLR-HBG |
| EAST TENNESSEE HUMAN RESOURCE | ) | |
| AGENCY, INC., inclusive of its parent and | ) | |
| subsidiaries; all persons and/or entities that | ) | |
| cooperated and/or assisted the defendant relating | ) | |
| to the actions referenced herein who are | ) | |
| designated herein as JOHN DOES and JANE | ) | Jury Trial Demanded |
| DOES; NICCI SMITH, individually, and | ) | |
| LOUDON COUNTY, | ) | |
| | ) | |
| Defendants. | ) | |

---

## COMPLAINT

---

The Plaintiff, Corey Lawrence, through undersigned counsel, files this action on behalf of himself, and for cause of action would state as follows:

## I. INTRODUCTION

This action is brought under federal law pursuant to 42 U.S.C. §§ 1983 and 1988; specifically, under the Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution. This action is brought under common and statutory laws of the State of Tennessee to redress the violation of rights secured by Article I, Sections 2, 7, 8, 9, 13, 17, and 18 of the State of Tennessee's Constitution. Plaintiff further prays for preliminary injunctive

relief for activities referenced herein which violate such well settled constitutional rights of all persons.

Defendant ETHRA, acting under color of law, and by authority granted by the State of Tennessee, provides private probation services throughout approximately sixteen counties in East Tennessee. Defendants Nicci Smith, Jane Does, and John Does assisted ETHRA through their official capacities, engaging in practices violating federal and state law.

## II. JURISDICTION AND VENUE

1. This Court has original jurisdiction based upon the existence of a federal question, pursuant to 28 U.S.C. § 1331, and based upon the deprivation of civil rights, pursuant to § 1343(a). This cause of action also arises under the Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments of the United States Constitution; 42 U.S.C. §§ 1983, 1985, and 1988; the Constitution of the State of Tennessee, and the statutory and common laws of Tennessee. This Court is granted supplemental authority to hear plaintiff's state law claims under 28 U.S.C. § 1367.

2. This Court is the proper venue for this action pursuant to 28 U.S.C. § 1391(b)(1) and (2). All defendants reside and are situated in the Eastern District of Tennessee, and all of the events giving rise to this claim occurred in Loudon County, Tennessee, which lies in the Eastern District of Tennessee.

## III. PARTIES

3. Plaintiff, Corey Lawrence, resides in Lenoir City, Loudon County, Tennessee.

4. Defendant, East Tennessee Human Resource Agency, INC. ("ETHRA), is a corporation duly organized and existing under the laws of the State of Tennessee, with its principal

office at STE D100, 9111 Cross Park Dr., Knoxville, TN 37923-4517.  At all times relevant hereto, ETHRA was acting under color of state law.

5.      Defendant, Nicci Smith, was at relevant times, an employee of ETHRA, acting under the color of law of the State of Tennessee.  Ms. Smith is being sued in both her individual and official capacities.

6.      Defendants Jane and John Does, being sued in their official capacities, are all persons and/or entities that cooperated and/or assisted the defendants in the actions asserted below.

7.      Defendant Loudon County, is a county lying in the State of Tennessee.   Defendant Loudon County has contracted with Defendant ETHRA for the provision of probation services.

## IV.  GENERAL FACTUAL ALLEGATIONS

8.      Individuals having plead guilty to certain charges in these counties are placed on supervised probation and monitored by ETHRA.

9.      Part of ETHRA's supervision pertains to monitoring probationers' payments of court costs, fines, and probation supervision fees during their disposed probationary term.

10.     Upon information and belief, probation supervision fees paid by individuals go solely to ETHRA.

11.     Probation supervision fees are forty-five dollars ($45.00) for every month an individual is under supervision of ETHRA.

12.     Probation supervision fees may be more, as additional fees may be required by ETHRA.

13.  ETHRA also engages in a practice of drug testing individuals on probation. Supervised persons must provide additional payments for this testing.

14.  Upon information and belief, probationers' payments toward probation supervision fees owed to ETHRA take priority over payments towards court costs and fines. Per information and belief, on a typical visit with a probation officer, a greater percentage of a probationer's fee payment will go towards supervision fees than court costs and fines combined.

15.  ETHRA, along with its probation officers in their official capacity, engage in a pattern and manner of illegal and abusive practices that retain individuals on probation longer than allowed by law.

16.  These practices violate well settled constitutional rights of persons.

17.  These practices are done in order to continue collecting past, current, and future fees from individuals, including probation supervision fees owed to ETHRA.

18.  Under the supervision of defendants ETHRA and Loudon County (along with other counties ETHRA supervises in), probation officers operate in a practice of issuing violations of probation resulting in arrest and incarceration after terms of probations are expired as a matter of law.

19.  Under the supervision of defendants ETHRA and Loudon County (along with other counties ETHRA supervises in), probation officers operate in a practice of using uniform, pre-designed PROBATION ORDERS ("Orders") as an instrument to "amend" and extend probationary terms, doing so without a hearing on the revocation of probation nor presence of legal counsel. (See Exhibits 1, 2, 3, 4, and 5).

20.     Said Orders are often solely for the purpose of "amend to pay". These Orders offer no other reason for extending probation.

21.     Said Orders extending probation are signed by probationers before and after probationary terms have expired as a matter of law.

22.     Under the supervision of defendants ETHRA and Loudon County (along with other counties ETHRA supervises in), it has become policy and customary practice for probation officers to have individuals sign the referenced Orders outside the presence of the trial court judge

23.     Under the supervision of defendants ETHRA and Loudon County (along with other counties ETHRA supervises in), it has become policy and customary practice for probation officers to have individuals sign the referenced Orders at the probation office.

24.     Under supervision of defendants ETHRA and Loudon County (along with other counties ETHRA supervises in), it has become policy and customary practice for probation officers to have individuals sign the referenced Orders without the presence or advice of counsel.

25.     Under the supervision of defendants ETHRA and Loudon County (along with other counties ETHRA supervises in), it has become policy and customary practice for probation officers to operate in a practice of coercion through threats of arrest regarding failure to pay owed fees and costs, including probation supervision fees owed to ETHRA. (See Affidavit of former ETHRA probation officer Marc Grossbard, Exhibit 18).

26.     Under the supervision of defendants ETHRA and Loudon County (along with other counties ETHRA supervises in), it has become policy and custom to use said Orders in a

continuous and widespread pattern to keep individuals on probation and continue collections of costs and fees, including probation supervision fees owed to ETHRA.

27. Due to these practices, individuals are often subjected to unlawful arrest and imprisonment and/or continued supervision after their term of probation has expired as a matter of law.

## V. SPECIFIC FACTUAL ALLEGATIONS

28. On December 29, 2010, plaintiff plead guilty to T.C.A. § 39-17-418 Simple possession/ casual exchange. Plaintiff was placed on ETHRA supervised probation for a period of eleven months and twenty-nine days. (See Exhibit 6).

29. Per agreement, plaintiff was to complete eight hours of community service, get an alcohol and drug assessment, pay court costs, pay a fine, and pay probation supervision fees owed directly to ETHRA.

30. Plaintiff's probation was set to expire, as a matter of law, on December 28, 2011.

31. On December 29, 2010, a PROBATION ORDER ("Order") was signed by the plaintiff, presiding judge, and witness Chris Goddard. (Attached as Exhibit 7).

32. The Order specified that plaintiff was to pay $164.00 per month toward the cost of court proceedings and his fine, pay $45.00 per month towards probation supervision fees owed directly to ETHRA, submit to random drug screens at his own expense, and meet with his probation officer as directed. (Exhibit 7).

33. The Order further specified plaintiff's probation was to expire on December 28, 2011. (Exhibit 7).

34.	On September 6, 2011, plaintiff's ETHRA probation officer, Chris Goddard, issued a violation of probation warrant and affidavit for the plaintiff.  Also, on September 6, 2011, the presiding judicial commissioner signed the said warrant and affidavit. (Attached as Exhibit 8).

35.	On September 7, 2011, plaintiff plead guilty to T.C.A. § 55-10-415 underage driving while impaired and driving without a license.  Plaintiff was placed on ETHRA supervised probation for a period of eleven months and twenty-nine days. (See Exhibits 9 and 10).

36.	Per agreement, plaintiff was to pay court costs and fines and lose his license for one year.

37.	Plaintiff's probationary period was to expire, as a matter of law, on September 6, 2012.

38.	On September 28, 2011, plaintiff plead guilty to his first violation of probation. (Attached as Exhibit 11).  Plaintiff received a sentence of fifteen (15) days to serve in the Loudon County Detention Center, and was placed on a new eleven month and twenty-nine day supervised probation term, set to expire on September 27, 2012.  (Exhibit 11).

39.	On September 28, 2011, a second PROBATION ORDER ("2nd Order") was signed by the plaintiff, presiding judge, and witness Chris Goddard.  (Attached as Exhibit 12).  The 2nd Order specified plaintiff was to pay $170.00 per month toward the cost of court proceedings, pay $45.00 per month towards probation supervision fees owed directly to ETHRA, submit to random drug screens at his own expense, and meet with his probation officer as directed.  The 2nd Order further specified plaintiff's probation was to expire, as a matter of law, on September 27, 2012.

40. Plaintiff was placed on ETHRA supervised probation for the aforementioned guilty plea for a single term of eleven months and twenty-nine days, set to expire on September 27, 2012.

41. Plaintiff's term of probation naturally expired on September 27, 2012.

42. On September 9, 2013, almost one year after plaintiff's probation had expired, he was ordered to report at the probation office. Plaintiff was under the belief that failure to do so would result in a violation of probation and issuance of arrest.

43. Plaintiff reported as summonsed on September 9, 2013, which was a Monday.

44. During this time period, Loudon County General Sessions Court handled criminal matters on Wednesdays.

45. At the September 9, 2013 meeting at the probation office, an amended PROBATION ORDER ("3rd Order") was signed by the plaintiff and his probation officer, Nicci Smith. (Exhibit 3).

46. Plaintiff was not afforded legal counsel at this meeting.

47. The trial court judge was not present at this meeting.

48. This 3rd Order listed all referenced charges for which the plaintiff had pled guilty to.

49. The purpose of the 3rd Order, as handwritten by Nicci Smith on the document, was listed as "Amended to Pay." (Exhibit 3). Required obligations by the plaintiff in the order included continued payment of of costs, continued payment of supervision fees owed directly to ETHRA, continued meetings with his probation officer as directed, and continued payment of and participation in drug testing. (Exhibit 3).

50. The 3rd Order stated that plaintiff would be on supervised probation until September 26, 2014.

51. For each continued month plaintiff was to be on probation, he was required to pay ETHRA $45.00 through probation supervision fees.

52. The 3rd Order was not singed by the presiding judge until Wednesday, September 11, 2013.

53. In obtaining the plaintiff's signature on the 3rd Order, plaintiff's probation officer, Nicci Smith, was acting pursuant to the official policy or longstanding custom and practice of ETHRA and Loudon County (among other counties) of coercing probationers into signing such probation orders without the benefit of legal representation and without presence of a judge.

54. ETHRA supervisors, including Judy Brewer, adopted this policy despite their clear knowledge of its illegality, as demonstrated by Judy Brewer's Memorandum dated July 18, 2003 ("Brewer Memo") (Exhibit 17).

55.

56. On July 9, 2014, plaintiff's probation officer, Nicci Smith, issued a violation of probation warrant for the arrest of the plaintiff. (Attached as Exhibit 13). Also on July 9, 2014, the presiding judicial commissioner signed said warrant and affidavit. (Exhibit 13).

57. As a matter of law plaintiff's probationary term had naturally expired on September 27, 2012.

58. Plaintiff was arrested on said warrant on July 16, 2014. (See Exhibit 14).

59.    On July 16, 2014, plaintiff was illegally arrested and his person and personal property were illegally seized and searched.

60.    Upon entry into the Loudon County Detention Center, plaintiff's person was unlawfully seized and searched.

61.    As a result of being arrested, searched, and seized, plaintiff was embarrassed and humiliated.

62.    On July 23, 2014, while incarcerated, plaintiff pled guilty to the charge of violation of probation, and was sentenced to serve sixty days in the Loudon County Detention Center. (See Exhibit 15).  Plaintiff was ordered continue probation for another eleven month and twenty-nine day term. (See Exhibit 15).

63.    That day, July 23, 2014, a PROBATION ORDER ("4th Order") was signed by the plaintiff, probation officer/witness Nicci Smith, and the presiding judge. (Attached as Exhibit 16).

64.    Plaintiff's obligations included in the 4th Order included continued payment of costs, continued payment of supervision fees owed directly to ETHRA, continued meetings with his probation officer as directed, and continued payment and participation of drug testing.

65.    The order stated that plaintiff would be on supervised probation until July 22, 2015.

66.    For each continued month plaintiff was to be on probation, he was required to pay ETHRA $45.00 through probation supervision fees.

67.    On August 20, 2014, plaintiff's motion to withdraw his plea of guilty to the  probation violation was accepted by the trial court judge.  Plaintiff's charge was dismissed based

upon lack of jurisdiction by the trial court. Plaintiff was released from probation and custody.

68. On August 20, 2014, plaintiff was finally released from custody.

69. Plaintiff was deprived of his liberty and illegally held in the Loudon County Detention Center for approximately thirty-five (35) days.

70. Plaintiff sustained an ongoing injury until being released from probation and released from incarceration on August 20, 2014.

71. Per its practice and custom, ETHRA attempted and succeeded in its scheme of obligating plaintiff to make direct supervision payments of $45.00 for each additional month of supervision after his probationary period had naturally expired as a matter of law.

72. At each required meeting with his probation officer after his probation had expired as matter of law on September 27, 2012, plaintiff was illegally detained.

73. Each drug test conducted after plaintiff's probation had expired as a matter of law constituted an illegal search and seizure.

74. This extreme and outrageous conduct has and will continue to cause the plaintiff severe emotional distress.

## VI. CAUSES OF ACTION

### COUNT I
### 42 U.S.C. § 1983
### DEPRIVATION OF LIBERTY WITHOUT DUE PROCESS OF LAW

75. Plaintiff re-alleges and hereby incorporates by reference each of the foregoing allegations.

76. Plaintiff was a probationer of defendant Loudon County under the supervision of defendants ETHRA and Nicci Smith. As such, all defendants had a duty to protect Mr. Lawrence's constitutional liberty interests by providing him with due process of law.

77. Defendants, acting under color of state law, deprived plaintiff of his liberty without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

78. Defendants, acting under color of state law, knowingly, and with deliberate indifference deprived plaintiff of his liberty without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution by issuing a void and unlawful arrest warrant thereby causing the illegal arrest and incarceration of Mr. Lawrence.

79. Defendants ETHRA and Loudon County adopted and implemented policies, customs, and a pattern of practices causing the violation of plaintiff's due process liberty rights

80. Loudon County probationers under supervision of ETHRA, including the plaintiff in this action, are subject to a pattern of practices, including but not limited to the issuance of a violation of probation warrant for the arrest of plaintiff after his term of probation had expired and the subsequent arrest of plaintiff after his probation had expired.

81. Defendant Nicci Smith, an employee of Defendant ETHRA, and other officers and employees of Defendant Loudon County violated plaintiff's constitutionally guaranteed and protected rights of liberty and due process under the law by extending his probationary term, making it more onerous than originally agreed to, without the procedural safeguard of a revocation of probation hearing, and without even bringing plaintiff before the presence of a judge.

82. In so doing, said officers, agents, and employees acted pursuant to an official policy or longstanding practice or custom of defendants EHTRA and Loudon County of denying similarly situated probationers of their right to liberty without due process of law.

83. Defendants ETHRA and Loudon County failed to properly educate and train their agents, employees, probation officers, and their supervisors on the proper standards and procedures for respecting the constitutional rights to liberty and due process of law. This system wide failure to educate and train on part of ETHRA and Loudon County, amounted to an official policy or longstanding practice and custom evincing deliberate indifference to probationers' right to liberty and due process of law.

84. Defendants ETHRA and Loudon County failed to supervise and discipline their agents, employees, probation officers, and their supervisors in order to ensure that the due process and liberty rights of plaintiff and others were not being violated. This system wide failure of EHTHRA and Loudon County to supervise and discipline amounted to an official policy or longstanding practice and custom evincing deliberate indifference to probationers' right to liberty and due process of law.

85. Due to their deliberate indifference, Defendants ETHRA and Loudon County failed to adopt appropriate policies, guidelines, and procedures in order to prevent the violation of plaintiff's due process rights. This lack of policies, guidelines, and procedures led directly to the violation of plaintiff's constitutional rights.

86. Plaintiff seeks all relief available under 42 U.S.C. § 1983 for the deprivation of his liberty. Plaintiff is also entitled to attorney's fees under 42 U.S.C. § 1988.

87.     Plaintiff further alleges that the conduct of defendants was of such a wanton, reckless, and malicious nature so as to entitle plaintiff to punitive damages under applicable federal and/or state law.

## COUNT II
### 42 U.S.C. § 1983
#### UNREASONABLE SEARCH AND SEIZURE

88.     Plaintiff re-alleges and hereby incorporates by reference each of the foregoing allegations as if set forth fully herein.

89.     Defendants, acting under color of state law, deprived plaintiff of his Fourth and Fourteenth Amendment Rights.

90.     Plaintiff was illegally arrested for violation of probation on or about July 16, 2014, after his term of probation had already expired.

91.     In addition to the arrest itself, the conduct of defendants caused plaintiff to be unlawfully searched and seized in the following respects:  a) being searched prior to arrest; b) having her person and belongings searched after arrest; and c) being searched upon entering the Loudon County Detention Facility. This arrest constituted an unreasonable search and seizure in violation of plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

92.     Defendants ETHRA and Loudon County adopted and implemented policies, customs, and a pattern of practices causing the violation of plaintiff's right to be free from unlawful arrest.

93.     Defendants ETHRA and Loudon County failed to properly educate and train their agents, employees, probation officers, and their supervisors on the proper standards and

procedures in order to prevent violating plaintiff's right to be free from unreasonable search and seizure. This system wide failure to educate and train on part of ETHRA and Loudon County, amounted to an official policy or longstanding practice and custom evincing a deliberate indifference to probationers' right to be free from unreasonable search and seizure, which was a direct and proximate cause of plaintiff's injuries.

94. Defendants ETHRA and Loudon County failed to properly supervise and discipline their agents, employees, probation officers, and their supervisors in order to ensure compliance with the necessary standards and procedures in order to prevent violating plaintiff's right to be free from unreasonable search and seizure. This system wide failure to supervise and discipline on part of ETHRA and Loudon County, amounted to an official policy or longstanding practice and custom evincing a deliberate indifference to probationers' right to be free from unreasonable search and seizure, which was a direct and proximate cause of plaintiff's injuries.

95. Defendants ETHRA and Loudon County failed to adopt appropriate policies, guidelines, and procedures in order to prevent the violation of plaintiff's rights against unreasonable search and seizure.

96. Plaintiff seeks all relief available under 42 U.S.C. § 1983. Plaintiff is also entitled to attorney's fees under 42 U.S.C. § 1988.

97. Plaintiff further alleges that the conduct of defendants was of such a wanton, reckless, and malicious nature so as to entitle plaintiff to punitive damages under applicable federal and/or state law.

**COUNT III**
**42 U.S.C. § 1983**
**RIGHT TO PRIVACY**

98.    Plaintiff re-alleges and hereby incorporates by reference each of the foregoing allegations as if set forth fully herein.

99.    Defendant Nicci Smith, as an employee of defendant ETHRA, and other officers and employees of defendant Loudon County, acting under color of state law violated plaintiff's constitutionally protected right to privacy by forcing plaintiff to submit to a strip search upon his illegal arrest.

100.    In so doing, said officers, agents, and employees acted pursuant to an official policy or longstanding practice or custom of defendants EHTRA and Loudon County of violating the privacy rights of similarly situated probationers.

101.    These searches and drug testing violated plaintiff's rights to privacy under the Fourth and Fourteenth Amendments and other provisions of the United States Constitution.

102.    Defendants ETHRA and Loudon County adopted and implemented policies, customs, and a pattern of practices causing the violation of plaintiff's privacy rights.

103.    Defendants ETHRA and Loudon County failed to properly educate, failed to properly train, failed to adequately supervise, and failed to adequately discipline their agents, employees, probation officers, and their supervisors in order to prevent the violation of plaintiff's privacy rights.  These failures on part of defendants ETHRA and Loudon County amounted to an official policy or longstanding practice and custom of deliberate indifference to the privacy rights of their probationers, was directly and proximately caused injury to plaintiff.

104. Defendants ETHRA and Loudon County failed to adopt appropriate policies, guidelines, and procedures in order to prevent the violation of plaintiff's privacy rights.

105. Plaintiff seeks all relief available under 42 U.S.C. § 1983. Plaintiff is also entitled to attorney's fees under 42 U.S.C. § 1988.

106. Plaintiff further alleges that the conduct of defendants was of such a wanton, reckless, and malicious nature so as to entitle plaintiff to punitive damages under applicable federal and/or state law.

### COUNT IV
### 42 U.S.C. § 1983
### CRUEL AND UNUSUAL PUNISHMENT

107. Plaintiff re-alleges and hereby incorporates by reference each of the foregoing allegations as if set forth fully herein.

108. The incarceration of plaintiff for approximately thirtyfive (35) days on an illegal and invalid violation of probation warrant constituted cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the United States Constitution.

109. Defendants ETHRA, Nicci Smith, Loudon County, and others acting under color of state law deprived plaintiff of his Eighth Amendment Right.

110. In so doing, officers, agents, and employees acted pursuant to an official policy or longstanding practice and custom of defendants EHTRA and Loudon County of denying similarly situated probationers of their right to be free from cruel and unusual punishment.

111. Defendants ETHRA and Loudon County failed to properly educate and train their agents, employees, probation officers, and their supervisors on the necessary procedures and

safeguards that would prevent the violation of probationers' right to be free from cruel and unusual punishment. This system wide failure to educate and train on part of ETHRA and Loudon County, amounted to an official policy or longstanding practice and custom of deliberate indifference to probationers' right to be free from cruel and unusual punishment, which was a direct and proximate cause of injury to plaintiff.

112. Defendants ETHRA and Loudon County failed to properly supervise and discipline their agents, employees, probation officers, and their supervisors in order to ensure compliance with the necessary standards and procedures in order to prevent the cruel and unusual punishment of probationers, such as plaintiff. This system wide failure to supervise and discipline on part of ETHRA and Loudon County, amounted to an official policy or longstanding practice and custom of deliberate indifference to probationers' right to be free from cruel and unusual punishment, and was a direct and proximate cause of injury to plaintiff.

113. Defendants ETHRA and Loudon County failed to adopt appropriate policies, guidelines, and procedures in order to prevent the cruel and unusual punishment of plaintiff.

114. Plaintiff seeks all relief available under 42 U.S.C. § 1983. Plaintiff is also entitled to attorney's fees under 42 U.S.C. § 1988.

115. Plaintiff further alleges that the conduct of defendants was of such a wanton, reckless, and malicious nature so as to entitle plaintiff to punitive damages under applicable federal and/or state law.

**COUNT V**
**42 U.S.C. § 1983**
**DENIAL OF EQUAL PROTECTION OF THE LAW**

116.  Plaintiff re-alleges and hereby incorporates by reference each of the foregoing allegations as if set forth fully herein.

117.  Defendants' actions denied plaintiff of equal protection of the law in violation of the Fourteenth Amendment to the United States Constitution.

118.  Defendants, acting under color of state law, deprived plaintiff of his right to equal protection of the law.

119.  Defendants ETHRA and Loudon County adopted and implemented policies, customs, and a pattern of practices resulting in the denial of plaintiff's right to equal protection.

120.  Defendants ETHRA and Loudon County failed to properly educate, train, and supervise their employees, probation officers, and their supervisors which led to the denial of plaintiff's right to equal protection.

121.  Defendants ETHRA and Loudon County failed to adopt appropriate policies, guidelines, and procedures in order to prevent the denial of plaintiff's right to equal protection.

122.  Plaintiff seeks all relief available under 42 U.S.C. § 1983.  Plaintiff is also entitled to attorney's fees under 42 U.S.C. § 1988.

123.  Plaintiff further alleges that the conduct of defendants was of such a wanton, reckless, and malicious nature so as to entitle plaintiff to punitive damages under applicable federal and/or state law.

## COUNT VI
### FALSE ARREST & FALSE IMPRISONMENT

124.  Plaintiff re-alleges and hereby incorporates by reference each of the foregoing allegations as if set forth fully herein.

125.  This action is brought by plaintiff pursuant to the common and statutory laws of the State of Tennessee for falsely and illegally arresting, imprisoning, and detaining him.

126.  Defendants' actions resulted in the false imprisonment of plaintiff on a violation of probation for approximately thirty-six (36) days after his term of probation had already expired as a matter of law

127.  Defendants' referenced activity deprived plaintiff of his personal liberty. These illegal restrictions of freedom and abuse caused plaintiff to suffer severe physical, mental, and emotional anguish as a result of the defendants' conduct.

128.  Plaintiff seeks all compensatory and punitive damages allowed by law, and attorney's fees.

### <u>COUNT VII</u>
### FALSE ARREST & FALSE IMPRISONMENT - NEGLIGENCE

129.  Plaintiff re-alleges and hereby incorporates by reference each of the foregoing allegations as if set forth fully herein.

130.  This action is brought by plaintiff against all defendants pursuant to the common and statutory laws of the State of Tennessee for thier negligent actions in falsely and illegally arresting, imprisoning, and detaining plaintiff.

131.  Through the defendants' deprivation of plaintiff's personal liberty, plaintiff has been caused to suffer severe physical, mental, and emotional anguish. This count is for damages for negligence in the false arrest and false imprisonment of plaintiff.

132.  Plaintiff seeks all compensatory and punitive damages allowed by law, and attorney's fees.

## COUNT IIX
### T.C.A. § 39-16-403
### OFFICIAL OPPRESSION

133. Plaintiff re-alleges and hereby incorporates by reference each of the foregoing allegations as if set forth fully herein.

134. This action is brought against Defendants pursuant to T.C.A. § 39-16-403.

135. Nicci Smith and other probation officers, acting on behalf of ETHRA and Loudon County under color of law, intentionally subjected the plaintiff to the referenced violations of plaintiff's liberty and constitutionally protected rights herein.

136. Defendants knowingly subjected plaintiff to unlawful arrest, unlawful search, unlawful seizure, and illegal detention, amongst other legal deprivations.

137. Plaintiff suffered damages from his mistreatment regarding, among other things, false arrest, false detention, and other consequential damages.

138. Plaintiff seeks all compensatory and punitive damages allowed by law, and attorney's fees.

## COUNT IX
### NEGLIGENT EDUCATION, TRAINING, AND SUPERVISION

139. Plaintiff re-alleges and hereby incorporates by reference each of the foregoing allegations as if set forth fully herein.

140. Defendants Loudon County and ETHRA were negligent in their failure to properly educate, train, supervise, and discipline their agents in the referenced conduct, leading to violations of plaintiff's well settled constitutional and statutory rights incorporated herein.

141. As demonstrated by the Affidavit of Marc Grossbard (Exhibit 18), ETHRA probation officers were given no training on the constitutional and legal limits of probation violations and arrest warrants.

142. Plaintiff seeks all compensatory and punitive damages allowed by law, and attorney's fees.

## COUNT X
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

143. Plaintiff re-alleges and hereby incorporates by reference each of the foregoing allegations as if set forth fully herein.

144. Defendants negligently subjected plaintiff to practices and conduct referenced herein, leading to, among other things: his false detention, false arrest, and false imprisonment.

145. This extreme and outrageous conduct has and will continue to cause the plaintiff severe emotional distress.

146. Plaintiff seeks all compensatory and punitive damages allowed by law, and attorney's fees.

## COUNT XI
### GROSS NEGLIGENCE

147. Plaintiff re-alleges and hereby incorporates by reference each of the foregoing allegations as if set forth fully herein.

148. The defendants' referenced activity was reckless and showed conscious indifference to the violation of plaintiff's well settled constitutional rights.

149. Plaintiff seeks all compensatory and punitive damages allowed by law, and attorney's fees.

## COUNT X
### FRAUD & MISREPRESENTATION

150. Plaintiff re-alleges and hereby incorporates by reference each of the foregoing allegations as if set forth fully herein.

151. Defendants conduct amounted to fraud, in that defendants intentionally misrepresented to plaintiff that his probation was being lawfully extended.

152. By way of such conduct, defendants allowed plaintiff to reasonably rely on this material falsehood, creating an undue advantage on behalf of the defendants.

153. Plaintiff seeks all compensatory and punitive damages allowed by law, and attorney's fees.

## COUNT XI
### CONSTRUCTIVE FRAUD

154. Plaintiff re-alleges and hereby incorporates by reference each of the foregoing allegations as if set forth fully herein.

155. Defendants conducted amounted to constructive fraud, in that their actions falsely lead plaintiff to believe that his probation was being lawfully extended.

156. Plaintiff seeks all compensatory and punitive damages allowed by law, and attorney's fees.

## COUNT XII
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

157. Plaintiff re-alleges and hereby incorporates by reference each of the foregoing allegations as if set forth fully herein.

158. Defendants intentionally subjected plaintiff to practices and conduct referenced herein, leading to, among other things: his false detention, false arrest, and false imprisonment.

159. This extreme and outrageous conduct has and will continue to cause plaintiff severe emotional distress.

160. Plaintiff seeks all compensatory and punitive damages allowed by law, and attorney's fees.

## COUNT XIV
### MALICIOUS PROSECUTION

161. Plaintiff re-alleges and hereby incorporates by reference each of the foregoing allegations as if set forth fully herein.

162. Defendants did not have probable cause for the issuance of the violation of probation warrant executed on On July 9, 2014, as plaintiff's probation had naturally expired on September 27, 2012, as a matter of law.

163. The violation of probation warrant was issued for the improper motive of collecting court costs and supervision fees.

164. The violation of probation warrant was subsequently dismissed in favor of plaintiff because jurisdiction had lapsed prior to the issuance of the warrant.

165. Plaintiff seeks all compensatory and punitive damages allowed by law, and attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff. respectfully requests that this Honorable Court:

1. Award compensatory damages in an amount of $3,360,000.00.

2.      Award punitive damages in an amount of $10,080,000.00.

3.      Award all prejudgment and post-judgment interest.

4.      Issue a permanent injunction against Loudon County, ETHRA, and their officers and employees; enjoining them from the use of "Probation Orders" and/or "Amend to Pay Orders"

5.      Issue a permanent injunction against Loudon County, ETHRA, and their officers and employees; enjoining them from any practice that would extend probation or otherwise make the terms of probation more onerous outside the presence of the judge, without the right to counsel or presence of counsel, and without the right to constitutional protections of a probation revocation hearing.

6.      Award costs, fees, expenses, and reasonable attorney's fees as authorized by 42 U.S.C. § 1988.

7.      Award any other and further relief that this Court deems proper and just.

8.      That upon completion of discovery, depositions, or otherwise, that with permission of this Honorable Court, that plaintiff be allowed to amend this Complaint to allege additional facts, causes of action, and damages, as appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff hereby demands a trial by jury on all issues pled herein so triable.

Respectfully submitted,

s/Cameron Bell
Cameron D. Bell, BPR # 027772
Attorney for Corey Lawrence
Bell, Young & Moore, PLLC
800 S. Gay Street
Suite 1950
Knoxville, Tennessee 37929
camerondbell@gmail.com


s/John Stanford Young
John Stanford Young, III BPR #27953
Attorney for Corey Lawrence
Bell, Young & Moore, PLLC
800 S. Gay Street
Suite 1950
Knoxville, Tennessee 37929
jsy.knox.law@gmail.com

s/Alan R. Moore
Alan R. Moore, BPR # 030490
Attorney for Corey Lawrence
Bell, Young & Moore, PLLC
800 S. Gay Street
Suite 1950
Knoxville, Tennessee 37929
moore.tn.law@gmail.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically on January 22, 2016. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.


s/Cameron Bell
Cameron D. Bell